BRIAN T. HAFTER (State Bar No. 173151, bhafter@steefel.com)
STEEFEL, LEVITT & WEISS
A Professional Corporation
One Embarcadero Center, 30th Floor
San Francisco, California  94111-3719
Telephone:      (415) 788-0900
Facsimile:       (415) 788-2019

CHARLES E. DORKEY III
(Pro Hac Vice, cdorkey@torys.com)
DAVID W.R. WAWRO
(Pro Hac Vice, dwawro@torys.com)
CHRISTOPHER M. CAPARELLI
(Pro Hac Vice, ccaparelli@torys.com)
TORYS LLP
237 Park Avenue
New York, NY  10017
Telephone:      (212) 880-6000
Facsimile:       (212) 682-0200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DONALD H. PUTNAM, an individual, | CASE NO. C 05 1330 CW |
| Plaintiff, | |
| v. | **CONFIDENTIALITY STIPULATION AND ORDER** |
| PUTNAM LOVELL GROUP NBF SECURITIES, INC., a Delaware corporation, and NATIONAL BANK OF CANADA, a Canadian chartered bank, NATIONAL BANK FINANCIAL, INC., a Quebec corporation; and DOES 1-20, inclusive, | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED that the following procedures shall govern the production and use of confidential documents, testimony and other such information:

CONFIDENTIALITY STIPULATION AND ORDER (No. C 05 1330 CW)                                                                                               1

1. Any document, testimony, information or thing, or portion thereof, produced by any party may be designated as "Confidential" (such information is referred to hereinafter as "Confidential Information") by, in the case of documents or things, stamping the legend "CONFIDENTIAL" thereon, or in the case of testimony, by any one of the following means: (a) stating orally on the record of a deposition that certain information, testimony or exhibits are "Confidential" or (b) sending written notice designating such information, testimony or exhibits as "Confidential" within seven days of receipt of the deposition transcript.

2. Any document, testimony, information or thing, or portion thereof, produced by any party which the producing party believes in good faith contains highly sensitive business, financial or personal information, and which is information that the producing party would normally not reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and is more sensitive than Confidential Information, may be designated as "Attorneys' Eyes Only" (such information is referred to hereinafter as "Attorneys' Eyes Only Information") by, in the case of documents or things, stamping the legend "ATTORNEYS' EYES ONLY" thereon, or in the case of testimony, by any one of the following means:  (a) stating orally on the record of a deposition that certain information, testimony or exhibits are "Attorneys' Eyes Only" or (b) sending written notice designating such information, testimony or exhibits as "Attorneys' Eyes Only" within seven days of receipt of the deposition transcript.

3. Any document, testimony, information or thing, or portion thereof, produced by any party in an electronic format, which cannot be designated by stamping the appropriate legend, shall be deemed to be "Confidential", or if the document, testimony, information or thing, or portion thereof satisfy the criteria set forth in paragraph 2 above, may be designated by the producing party as "Attorneys' Eyes Only" by sending written notice designating such document, testimony, information or thing as "Attorneys' Eyes Only."

4. All Confidential Information and Attorneys' Eyes Only Information shall be kept in the offices, and custody, of the parties' counsel, subject to the disclosure permitted under paragraphs 4 and 5 below. All Confidential Information and Attorneys' Eyes Only Information shall be used by the parties solely for the purposes of preparing for and in this action and not for any other purpose, action, case or proceeding, and only as provided in this Stipulation and Order. In particular, no Confidential Information or Attorneys' Eyes Only Information shall be disclosed by a receiving party to Ian Brimecome, his attorneys or any person representing him.

5. Confidential Information, including information derived therefrom, shall not be disclosed in any manner to any person or entity except:

(a) The parties;

(b) Counsel of record in this action;

(c) Consultants or experts retained by counsel in connection with this action, provided that such persons are first given this Stipulation and Order and execute the Agreement annexed hereto (which Agreement shall be retained by counsel);

(d) Any witness called to give testimony in this action, provided that such witnesses are first given this Stipulation and Order and execute the Agreement annexed hereto (which Agreement shall be retained by counsel calling such witnesses), or provided that such witnesses agree, under oath, to be bound by this Stipulation and Order;

(e) Court reporters or stenographers employed in connection with this action;

(f) The Court; or

(g) Otherwise as required by law.

6. Attorneys' Eyes Only Information, including information derived therefrom, shall not be disclosed in any manner to any person or entity except:

(a) Counsel of record in this action;

(b) Consultants or experts retained by counsel in connection with this action, provided that such persons are first given this Stipulation and Order and execute the Agreement annexed hereto (which Agreement shall be retained by counsel);

(c) The author or recipient, and in the case of an agreement, the parties to the agreement;

(d) Any person upon written consent of the party which designated the Attorneys' Eyes Only Information, provided that such persons are first given this Stipulation and Order and execute the Agreement annexed hereto (which Agreement shall be retained by counsel);

(e) Court reporters or stenographers employed in connection with this action;

(f) The Court; or

(g) Otherwise as required by law.

7. The failure of any party to object to the designation of information as "Confidential" or "Attorney's Eyes Only" at the time of its designation shall not be deemed a waiver of that party's right to challenge the propriety of such designation at any time thereafter. Should counsel object to the designation by a party of any Discovery Material as "Confidential" or "Attorney's Eyes Only," counsel shall notify the designating party's counsel of the objections, and counsel shall promptly confer in an attempt to resolve the matter. If the matter remains unresolved, objecting counsel may then apply to the Court for a determination of whether the designation should be removed. The designating party bears the burden of proving that the information at issue is properly designated as "Confidential" or "Attorneys' Eyes Only." The document shall be treated as designated unless and until such a motion is presented, and during the pendency of any such motion.

8. Documents containing Confidential Information or Attorneys' Eyes Only Information, including briefs, which are submitted to the Court shall: (a) if filed with the Clerk, be filed under seal, in a sealed envelope bearing the appropriate legend indicating that such materials are confidential and are being filed under seal pursuant to this Stipulation and Order, and a redacted copy of such document without the Confidential Information or Attorneys' Eyes Only Information shall be filed publicly, and (b) if delivered to the Court's chambers, be delivered in a sealed envelope bearing an appropriate legend.

9. Within 30 days after the termination of this action, each party shall return all Confidential Information and Attorneys' Eyes Only Information, and any copies thereof, to the party which produced the Confidential Information and Attorneys' Eyes Only Information, or destroy the Confidential Information or Attorneys' Eyes Only Information, and any copies thereof.

10. Nothing in this Stipulation and Order shall (i) operate as an admission that any particular document, testimony, information or thing is, or is not, confidential in any subsequent proceeding; (ii) operate to require the production of information, documents or things that are privileged or otherwise protected from discovery; or (iii) affect any party's right to object to any discovery request.

Dated: August 10, 2006        TORYS LLP

                              By:  /s/ Charles E. Dorkey III
                                   Charles E. Dorkey III

                              Attorneys for Defendants

Dated: August 10, 2006        KEKER & VAN NEST, LLP

                              By:  /s/ Christopher C. Kearney
                                   Christopher C. Kearney

                              Attorneys for Plaintiff

SO ORDERED; **BUT SEE LOCAL RULE 79-5.**

/s/ CLAUDIA WILKEN
_____
Hon. Claudia Wilken
United States District Judge

CONFIDENTIALITY STIPULATION AND ORDER  (No. C 05 1330 CW)                                              6

AGREEMENT TO BE BOUND BY STIPULATION AND ORDER
GOVERNING THE PRODUCTION AND DISCLOSURE OF
CONFIDENTIAL DOCUMENTS, INFORMATION AND THINGS

The undersigned _____ hereby acknowledges that he or she has received a copy of the Confidentiality Stipulation and Order (the "Stipulation and Order") in the action entitled <u>Putnam v. Putnam Lovell Group NBF Securities Inc., et al.</u>, Case No. C 05 1330 CW; has read the Stipulation and Order and agrees to be bound by all the provisions thereof; and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the terms of the Stipulation and Order and punishment for violations thereof.

Dated:

_____
[Signature]

_____
[Address]